UNITED STATES BANKRUPTCY COURT
DISTRICT OF MAINE

In re:

KEVIN H. WILLIAMS,

Debtor.

Chapter 7
Case No. 16-20639

## ORDER OVERRULING OBJECTIONS TO CLAIMS ON PROCEDURAL GROUNDS

This matter came before the Court on the Omnibus Motion to Determine Amount and Objection to Claims filed by the Debtor (the "Omnibus Claim Objection"). In that document, the Debtor objects to sixteen different claims held by seven different creditors. Omnibus objections are only permitted when certain conditions outlined in Fed. R. Bankr. P. 3007(d) and (e) are satisfied. Principles of due process require that creditors be given clear notice when their claims are being challenged. That is particularly important, where, as here, the objection is filed after the case is reopened and more than a year after creditors filed their claims. The procedural requirements of Rule 3007(d) and (e) are designed to ensure that these due process considerations are realized.

The Omnibus Claim Objection does not comply with the either the spirit or the letter of subparagraph (d) and (e). The result is that claimants must wind their way through many paragraphs of material irrelevant to their particular claims to discover whether their claims are subject to objection by the Debtor and, if so, the nature of that objection. In fact, the objection itself is so confusing that even the Debtor loses track of the claims to which he is objecting. Paragraph 22(b) omits a reference to the claim number and the prayer for relief does not seem to include all of the claims addressed in the Omnibus Claim Objection. Moreover, the Debtor failed to serve the holder of Claim No. 20, apparently confusing the holder of that claim for the holder of Claim Nos. 11-18.

As a result of these procedural deficiencies and the service issue, the Court hereby OVERRULES the Omnibus Claim Objection notwithstanding the failure of any creditors to timely respond.

Dated: December 11, 2019

/s/ Peter G. Cary
Judge Peter G. Cary
United States Bankruptcy Court